IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH W. KENNEDY, | : |
| Petitioner | : |
| v. | : CIVIL NO. 4:CV-06-1550 |
| JONATHAN MINER, WARDEN, | : (Judge McClure) |
| Respondent | : |

## MEMORANDUM AND ORDER

August 16, 2006

**Background**

Joseph W. Kennedy ("Petitioner"), an inmate presently confined at the Allenwood United States Penitentiary, White Deer, Pennsylvania ("USP-Allenwood"), initiated this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner's request for leave to proceed in forma pauperis is granted for the sole purpose of the filing of this action. Named as sole Respondent is USP-Allenwood Warden Jonathan Miner.

Following a jury trial in the United States District Court for the District of

Maryland, Kennedy was convicted of conspiracy to possess with intent to deliver a mixture or substance containing a detectable amount of cocaine. He was sentenced to a term of life imprisonment on December 14, 1992.

His conviction and sentence were affirmed on direct appeal to the United States Court of Appeals for the Fourth Circuit. See United States v. Kennedy, 32 F.3d 876, 881-885 (4th Cir. 1994). Petitioner also admits that he unsuccessfully challenged his conviction with a motion pursuant to 28 U.S.C. § 2255 and thereafter an application with the Court of Appeals for the Fourth Circuit for leave to file a second or successive § 2255 motion. Kennedy also filed a prior unsuccessful petition for writ of habeas corpus with this Court. See Kennedy v. Mendez, Civil no. 4:CV-01-2429 slip op. (M.D. Pa. Jan. 25, 2002)(McClure, J.).

His instant action asserts that his criminal sentence "is invalid due to the fact that it failed to cite the statutory authority under Title 21 USC § 841(a)(1), (b)(1), (A)(iii), and §851(a)(1),(2)(c)(2) and Title 18 USC § 3559(a)(1)(A) that invokes the power to enter Judgment." Record document no. 1, ¶ 10(a). Petitioner also indicates that his present action should be entertained because his § 2255 remedy is inadequate or ineffective. As relief, he asks to be released from confinement.

**DISCUSSION**

Habeas corpus petitions brought under § 2241 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1(b)).  See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).  Rule 4 provides in pertinent part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."  A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself . . . ."  Allen v. Perini, 424 F.2d 134, 141 (6th Cir.), cert. denied, 400 U.S. 906 (1970).  Accord Love v. Butler, 952 F.2d 10, 15 (1st Cir. 1991).

A federal criminal defendant's sentence is subject to collateral attack in a proceeding before the sentencing court pursuant to 28 U.S.C. § 2255.  E.g., United States v. Addonizio, 442 U.S. 178, 179 (1979).  Section 2255 provides, in part, that "[a]n application for a writ of habeas corpus in behalf of a

3

prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by <u>motion is inadequate or ineffective</u> to test the legality of his detention" (emphasis added).  28 U.S.C. § 2255; <u>Davis v. United States</u>, 417 U.S. 333, 343 (1974); <u>Hill v. United States</u>, 368 U.S. 424, 427 (1962); <u>In re Dorsainvil</u>, 119 F.3d 245, 249 (3rd Cir. 1997); <u>In re Vial</u>, 115 F.3d 1192, 1194 (4th Cir 1997); <u>Application of Galante</u>, 437, F.2d 1164, 1165 (3rd Cir. 1971).  In his instant action, Kennedy is clearly challenging the legality of his federal criminal sentence which occurred in the District of Maryland.

In ruling on the issue of inadequate or ineffective, the appellate courts have instructed that a collateral relief motion is inadequate or ineffective only where it is established that some limitation of scope or procedure would prevent the collateral remedy from affording the prisoner a full hearing and adjudication of his claim of wrongful detention.  See  <u>Galante</u>, 437 F.2d at 1165 (3d Cir. 1971)(quoting <u>United States ex rel. Leguillou v. Davis</u>, 212 F. 2d 681, 684 (3d Cir. 1954)).   It has also been established that the burden is on the habeas petitioner to allege or demonstrate inadequacy or ineffectiveness.  See <u>id.</u>; <u>Cagle v. Ciccone</u>, 368 F.2d 183, 184 (8th Cir 1966).

4

Furthermore, prior unsuccessful collateral relief motions filed in the sentencing court have been held to be insufficient in and of themselves to show that the motion remedy is inadequate and ineffective. Tripati v. Herman, 843 F.2d 1169, 1162 (9th Cir.), cert. denied, 488 U.S. 982 (1988); Litterio v. Parker, 369 F. 2d 395, 396 (3d Cir. 1966)(per curiam). "It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative ...." Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir.), cert. denied, 479 U.S. 993 (1986). The United States Court of Appeals for the Third Circuit has held that, as to issues cognizable by the sentencing court under § 2255, a § 2255 "supersedes habeas corpus and provides the exclusive remedy." Strollo v. Alldredge, 462 F.2d 1194, 1195 (3d Cir.)(per curiam), cert. denied, 409 U.S. 1046 (1972).

Triestman v. United States, 124 F.3d 361 (2nd Cir. 1997), and Dorsainvil also addressed what circumstances make a collateral relief remedy inadequate and ineffective. The legislative limitations placed on collateral relief proceedings simply do not render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this court. United States v. Brooks, 230 F.3d 643, 647 (3rd Cir. 2000); Dorsainvil, 119 F.3d at 251. "To hold otherwise would simply effect a transfer of forum for the adjudication of successive challenges to the validity of a conviction." Kennemore v. True, Civil No. 98-1175, slip op. at 6.

(M.D. Pa. July 28, 1998)(Conaboy, J.).

Both the <u>Triestman</u> and <u>Dorsainvil</u> courts held that a § 2255 motion was only "inadequate and ineffective" (thus allowing a petitioner to bring a § 2241 habeas corpus action) where the denial of a habeas action would raise serious constitutional issues. <u>Triestman</u>, 124 F.3d at 377; <u>Dorsainvil</u>,119 F.3d at 249. The serious constitutional issue was that a change in substantive law rendered the conduct for which petitioner was convicted no longer criminal. <u>Triestman</u>, 124 F.3d at 366; <u>Dorsainvil</u>, 119 F.3d at 251. Thus, these cases set a high bar for what a court will consider a serious constitutional issue sufficient to allow a petitioner to bring a § 2241 petition to challenge a conviction or sentence.

Kennedy's present arguments do not fall within the narrow exception created by <u>Dorsainvil</u> and <u>Triestman</u>. Specifically, there is no allegation by the Petitioner that his claims are based on any newly discovered evidence. Likewise, there is no contention that they are being raised pursuant to any new intervening substantive rule of criminal law which can apply retroactively to cases on collateral review.

Unlike <u>Dorsainvil</u>, Petitioner's claims are also not premised on any intervening change in substantive law that would negate the criminal nature of his conduct with respect to his federal conviction. Fundamental to <u>Dorsainvil</u> was the fact that the petitioner may actually be innocent of the crime charged. In this case,

Kennedy's claims appear to be solely on sentencing related issues. It is clear that the claims for relief pending before this Court have nothing to do with the actual question of Petitioner's guilt. Kennedy has also not presented any facts to show that the denial of his habeas action would raise serious constitutional issues.

Consequently, since Kennedy has not otherwise established that his remedy under § 2255 is inadequate or ineffective under the standards announced in Dorsainvil and Triestman, his petition for writ of habeas corpus will be dismissed without prejudice. Petitioner, if he so chooses, may reassert his present claims through an application seeking leave to file a successive § 2255 motion. Consequently,

**IT IS THEREFORE ORDERED THAT:**

1. Petitioner is granted in forma pauperis status for the sole purpose of the filing of this action.

2. The petition for writ of habeas corpus is dismissed without prejudice.

3. The Clerk of Court is directed to close this case.

4. There is no basis for the issuance of a Certificate of Appealability.

              s/James F. McClure, Jr.
              JAMES F. McCLURE, JR.
              United States District Judge