IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH W. KENNEDY, | : | |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | CIVIL NO. 4:CV-06-1550 |
| | : | |
| JONATHAN MINER, WARDEN, | : | (Judge McClure) |
| | : | |
| Respondent | : | |

## ORDER

January 16, 2007

**Background**

This pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 was filed by Joseph W. Kennedy ("Petitioner"), an inmate confined at the Allenwood United States Penitentiary, White Deer, Pennsylvania ("USP-Allenwood"). Named as Respondent is USP-Allenwood Warden Jonathan Miner.

Petitioner challenges the legality of his conviction for conspiracy to possess with intent to deliver a mixture or substance containing a detectable amount of cocaine which occurred in the United States District Court for the District of

Maryland.  See generally, United States v. Kennedy, 32 F.3d 876, 881-885 (4th Cir. 1994).  Specifically, he argues that the resulting sentence of life imprisonment "is invalid due to the fact that it failed to cite the statutory authority under Title 21 USC § 841(a)(1), (b)(1), (A)(iii), and §851(a)(1),(2)(c)(2) and Title 18 USC § 3559(a)(1)(A) that invokes the power to enter Judgment."  Record document no. 1, ¶ 10(a).

By Memorandum and Order dated August 16, 2006, this Court concluded that Kennedy failed to establish that his remedy under § 2255 was inadequate or ineffective under the standards announced in In re Dorsainvil, 119 F.3d 245, 249 (3rd Cir. 1997) and Triestman v. United States, 124 F.3d 361 (2nd Cir. 1997).  As a result, his petition for writ of habeas corpus was dismissed without prejudice.  However, Petitioner was advised that he could reassert his present claims through an application seeking leave to file a successive § 2255 motion.

Presently pending is Kennedy's motion seeking leave to amend his petition.  See Record document no. 4.  His motion, which was filed after this Court's decision to dismiss, seeks to add additional information regarding his claim that his Judgment and Commitment Order is void because it neglected to cite statutory authority.  However, the motion to amend adds no new facts or arguments of law which would warrant a different conclusion than the determination  previously

2

announced by this Court.   Since the proposed amendments will not cure the deficiencies of the original petition, Kennedy's motion will be denied. Consequently,

**IT IS THEREFORE ORDERED THAT:**

Petitioner's motion to amend (Record document no. 4) is DENIED.

    s/ James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge